KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Nexon America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXON AMERICA, INC. a Delaware corporation<br><br>Plaintiff.<br><br>v.<br><br>S.H. (a/k/a "ch1nkayy," "GoSu," "Charizard" "Jordan Cheng," "Rick Chua," and "Alex Sarmiento"), a minor, by and through EDWARD CHEE, as guardian ad litem, J.H. (a/k/a "Mike" and "GodlyNL"), a minor, by and through JILL HEFETZ, as guardian ad litem and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.  CV 10-9689 PA (JCx)<br><br>The Honorable Percy Anderson<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT J.H.** |

Plaintiff Nexon America, Inc. and Defendant J.H., via his guardian *ad litem* Jill Hefetz ("Defendant") having entered into a Stipulation for Entry of a Permanent Injunction,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Defendant and all persons acting under Defendant's direction or control (including but not limited to his agents, representatives and employees), shall, immediately and permanently cease and desist from:

   A. infringing Nexon's copyrighted works, including without limitation, by (1) developing or operating, or participating in the operation of, any "private" or emulated server for MapleStory or any Nexon product, including the server known as RydahMS; (2) distributing any Nexon game client, including the MapleStory client; (3) developing, distributing or otherwise disseminating any software product (including the product known as "RydahMS EXE") that enables any Nexon product, including MapleStory to be played or operated on a private or emulated server; and/or (4) developing, distributing or otherwise disseminating any software "hacks" or "cheats" that enable users to alter or edit game packets, edit hex values, or access memory locations within any Nexon product, including MapleStory.

   B. inducing or contributing to third party infringements of Nexon's copyrighted works, including by linking to or providing the location of any website or "locker" site that contains any Nexon game client, including the MapleStory client, or any software that enables any

Nexon product, including MapleStory to be played on any emulated or "private" server, including RydahMS.

C. violating or aiding and abetting a violation of Section 1201(a) or (b) of the DMCA, including, without limitation, by (1) circumventing, or participating in the circumvention of, any access or copy control technologies that protect a Nexon product (including HackShield), and/or (2) trafficking in, or participating the trafficking in, any circumvention device.

D. intentionally interfering with Nexon's contracts with players, including, without limitation, by encouraging or inducing any players to use emulated servers or modify Nexon technology; and

E. violating the Nexon Terms of Use, including, without limitation, by using any emulated or private server.

2. Defendant shall deliver to Nexon all copies of any materials that infringe or violate any of Nexon's rights described herein, and destroy the originals of such materials. Defendant shall provide Nexon with a sworn statement within five days after the entry of the Permanent Injunction certifying his compliance with this provision.

3. Defendant shall provide Nexon with an accounting of any and all sales of products or services that infringe or violate any of Nexon's rights described herein.

4. Absent the prior written consent of Nexon or its designee, Defendant shall not publicly release, distribute, sell, transfer or give away, for consideration or otherwise, any software, source code, object code, technology, domain name(s), trademark(s), brand(s), goodwill or any other property of any kind, in whole or in part, which is in any way related to RydahMS or any emulated MapleStory server, including without limitation, by posting such materials on an internet web page or by offering such materials over any peer-to-peer or file-trading network or any other medium.

5. Any company or entity that Defendant owns or operates in the future shall also comply with the provisions of this Permanent Injunction.

6. Defendant irrevocably and fully waives notice of entry of the Permanent Injunction and notice and service of the entered Permanent Injunction and understands, confirms, and agrees that violation of the Permanent Injunction will expose Defendant to all penalties provided by law, including contempt of Court.

7. Defendant irrevocably and fully waives any and all rights to appeal this Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8. Nothing contained in this Permanent Injunction shall limit the right of Nexon to seek relief, including without limitation, damages, for any and all infringements by Defendant of the Nexon's copyrighted works occurring after the date Defendant executes the Stipulation.

9. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

10. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Permanent Injunction against Defendant.

11. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Permanent Injunction.

IT IS SO ORDERED.

Dated: October 12, 2011  _____
Honorable Percy Anderson
United States District Judge